IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AUTOMATION SUPPORT, INC., ET AL., § <br> PLAINTIFFS, § <br> § <br> v. § <br> § <br> WARREN DAVID HUMBLE, ET AL., § <br> DEFENDANTS. § | CIVIL CASE NO. 3:14-CV-4455-BK |

## ORDER

This cause is before the Court on *Defendants Warren David Humble's and Humble Design, LLC's Motion for Entry of Award of Additional Attorneys' Fees and Costs.* Doc. 76. For the reasons that follow, the motion is **GRANTED**.

**A. Background**

The parties being well familiar with this case, the Court will endeavor only to provide the background necessary for resolution of the instant motion. In December 2014, Plaintiffs filed a complaint against Defendants Warren David Humble and his company, Humble Design, LLC (collectively, "Defendants"). Plaintiffs sued Defendants for (1) breach of contract; (2) breach of fiduciary duty; (3) tortious interference with a contract; (4) misappropriation of trade secrets; and (5) violation of the Texas Theft Liability Act (the "TTLA"). Doc. 1 at 10, 12-17.

Following Plaintiffs' voluntary dismissal of the case, Defendants sought an award of attorneys' fees pursuant to the TTLA, which Plaintiffs opposed. Doc. 51; Doc. 55. Upon consideration, the Court ordered Plaintiff Automation Support, Inc., d/b/a Technical Support ("Technical Support") to remit to Defendants attorneys' fees in the amount of $65,676.00 and costs of $3,528.12. Doc. 58.

Technical Support thereafter filed an opposed motion for relief from the Court's order, which the Court denied.  Doc. 63; Doc. 64; Doc. 71.  Technical Support separately appealed the Court's fee award and the order denying its motion for post-judgment relief.  Doc. 66; Doc. 72.  Defendants prevailed on appeal, but not before Technical Support unsuccessfully petitioned the appellate court for rehearing.  Doc. 74.  The appellate panel then remanded the case for calculation of an appropriate appellate attorneys' fee award in Defendants' favor.  Doc. 74 at 9-10.

Upon remand, Defendants filed the instant motion for fees incurred in connection with the post-judgment litigation and appellate proceedings.  Doc. 76.  A *pro se* response to the fee motion was improperly filed on behalf of Technical Support, now unrepresented, and was struck upon the Court's finding that a corporate entity must appear through counsel.  Doc. 85; Doc. 92.  Subsequently, an opposed *pro se* motion seeking relief from the judgment was filed on behalf of Technical Support and was promptly denied.  Doc. 88; Doc. 91.

**B.  Applicable Law**

The TTLA provides that "[e]ach person who prevails in a suit under this chapter shall be awarded court costs and reasonable and necessary attorney's fees."  TEX. CIV. PRAC. & REM. CODE § 134.005(b).  The award of attorneys' fees to a prevailing party in a TTLA action is mandatory.  *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 705 (Tex. App.—Houston [1st Dist.] 2014).  Additionally, the TTLA provides that an individual "who prevails in a suit under this chapter shall be awarded court costs."  TEX. CIV. PRAC. & REM. CODE § 134.005(b).

The Court of Appeals for the Fifth Circuit has dictated a two-step process for determining an award of attorneys' fees.  *Jimenez v. Wood Cnty., Tex.*, 621 F.3d 372, 379 (5th Cir. 2010) (citing *Rutherford v. Harris Cnty., Tex.*, 197 F.3d 173, 192 (5th Cir. 1999)).  The first step is the

2

lodestar calculation, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* In evaluating the reasonableness of the number of hours claimed, courts determine "whether the total hours claimed are reasonable [and] also whether particular hours claimed were reasonably expended." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 325 (5th Cir. 1995). Any duplicative, excessive, or inadequately documented time should be excluded from the lodestar calculation. *Jimenez*, 621 F.3d at 379-80. Further, the party seeking attorneys' fees bears the burden of establishing the prevailing market rate for similar services. *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Courts determine the appropriate hourly rate based on the prevailing community standards for attorneys of similar experience in similar cases. *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).

Following the calculation of the lodestar, the Court then must determine whether to adjust the fee based on 12 other factors that may be of significance in the particular case. *See Johnson v. Ga. Hwy. Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). Many of these factors typically are subsumed within the lodestar and should not be double-counted. *Jason D.W. ex rel. Douglas W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998). Indeed, there is a strong presumption that the lodestar represents the reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

**C. Analysis**

By the instant motion, Defendants seek fees for their post-judgment motion practice in this Court, as well as for the entire appellate process. Doc. 77 at 8-11. Defendants request a total fee award of $32,911.00, based on 83.5 total attorney hours and costs of $1,086.58. Doc. 77 at 11. Counsel avers that legal work on Defendants' behalf was performed by two firm

3

partners who charged between $385.00 and $400.00 per hour. The Court determines that this is a reasonable rate given counsels' experience, their status as AV-rated attorneys, the Court's general knowledge of prevailing rates in the Dallas legal community, and previous fee awards approved by the Court.

In terms of the hours expended, 83.5 hours is inherently reasonable for counsels' litigation of (1) Defendants' initial motion for fees and costs, Doc. 51; (2) Technical Support's first motion for relief from judgment, Doc. 63; (3) Defendants' request for a writ of execution, Doc. 69; (4) Technical Support's consolidated appeals (including oral argument before the appellate court in New Orleans); (5) Technical Support's appellate petition for rehearing; (6) the instant fee petition, Doc. 76; and (7) Technical Support's second motion for relief from judgment, Doc. 88. Defendants have not requested an upward adjustment of the fee award nor does there appear to be any reason for a downward adjustment upon consideration of the *Johnson* factors. Accordingly, the Court finds that Defendants are entitled to recover attorneys' fees in the amount of $32,911.00 and costs in the amount of $1,086.58.

### D. Conclusion

For the reasons discussed above, Defendants' *Motion for Entry of Award of Additional Attorney's Fees and Costs*, Doc. 76, is **GRANTED**. Technical Support is **ORDERED** to pay to Defendants, **by December 3, 2018**, attorneys' fees and costs in the total amount of $33,997.58.

**SO ORDERED** on October 18, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE